In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-460 CV


____________________



L.C. GOSEY, JR., and CARETTA GOSEY, Appellants



V.



HAL SUMMERS, Appellee






On Appeal from the County Court 


Jasper County, Texas


Trial Cause No. 2551






O P I N I O N


 L.C. Gosey, Jr. and Caretta Gosey appeal pro se from a judgment entered
September 20, 2000, ordering that Hal Summers is entitled to possession of the property
described as Route 2, Box 211-A, Kirbyville, Jasper County, Texas, and that he recover
from the Goseys the sum of $1,200 as damages, $600 as reasonable attorney's fees, and
all costs of suit. The amended brief filed by the Goseys raises seven issues. Issues one, 
four, and seven fail to complain of any error regarding that judgment. Accordingly, they
are overruled.

 Issues two and five raise complaints about proper notice but the record does not
reflect these issues were presented to the trial court, or a defense mounted on that basis. 
Issues two and five are overruled.

 Issue three contends "[t]he signed deed of trust was completely overlooked during
ther [sic] trial court proceedings." Although the Goseys did not seek to admit the deed of
trust as evidence during the trial, the trial court was asked to take judicial notice of the
Court's file, which includes the deed of trust. However, the record does not establish the
Goseys had any title to convey under the deed of trust (nor do they make any argument
regarding title). Thus the trial court's judgment in favor of Summers does not necessarily
indicate the deed of trust was "overlooked." Issue three is overruled.

 Issue six asserts "March rent was paid, but in trial court, it was said to have been
unpaid . . . $300.00 of it was paid with April's rent and still did not exceed the 35 day pay
period." Attached to the Gosey's brief are copies of two receipts dated March 24, 2000,
one for $200 and one for $700. Also attached is a copy of a MoneyGram for $1,500,
dated April 4, 2000. These items were not introduced at trial and therefore cannot be
considered by this court on appeal. Furthermore, Summers also testified that in July the
rent payment was 58 days late. On appeal, the Goseys do not raise an issue concerning
the July payment. Issue six is overruled.


 AFFIRMED.

 PER CURIAM


Submitted on September 20, 2001

Opinion Delivered September 27,2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.